IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James Jones, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 14 C 2276 |
| Transworld Systems, Inc., a California corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, James Jones, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, James Jones ("Jones"), is a citizen of the State of California from whom Defendant continued to attempt to collect a delinquent consumer debt he allegedly owed for medical services, despite the fact that he exercised his rights under the FDCPA to refuse to pay the debt and be represented by the legal aid attorneys at

the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Transworld Systems, Inc. ("Transworld"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its numerous offices located in Illinois (Chicago, Bloomington, Schaumburg, Springfield, Peoria and several other cities) and locations at offices throughout the United States, Transworld operates a nationwide collection agency and collects debts from consumers in virtually every state, including the State of Illinois, see, material from Transworld's web site, attached as Exhibit A. Moreover, Transworld was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Jones.

5.     Defendant Transworld is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit B. In fact, Transworld conducts business in Illinois.

6.     Moreover, Defendant Transworld is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit C. In fact, Transworld acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7.     Mr. Jones is a disabled man with limited assets and income, who fell behind on paying his bills, including one he allegedly owed to a medical provider (Dr. Aldrige, Reference No. 489936). When Transworld began trying to collect this debt from Mr. Jones by calling his home phone, he sought the assistance of the legal aid

attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Transworld's collection actions.

8. Accordingly, on March 11, 2014, one of Mr. Jones's attorneys at LASPD informed Transworld, in writing, that Mr. Jones was represented by counsel, and directed Transworld to cease contacting him, and to cease all further collection activities because Mr. Jones was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Transworld called Mr. Jones directly, including, but not limited to, a telephone call on March 13, 2014, from telephone number 800-371-1321, attempting to collect the medical debt.

10. This forced Mr. Jones' LASPD attorneys to again write to Defendant Transworld, which they did on March 15, 2014, to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Undeterred, Defendant Transworld kept calling Mr. Jones directly, including, but not limited to, a telephone call on March 17, 2014, attempting to collect the medical debt.

12. All of Defendant Transworld's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant Transworld's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letters from Mr. Jones' agent, LASPD, told Defendant Transworld to cease communications and to cease collections (Exhibits D and E). By continuing to communicate regarding this debt and demanding payment, Defendant Transworld violated § 1692c(c) of the FDCPA.

17. Defendant Transworld's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant Transworld knew that Mr. Jones was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in

4

writing, that Mr. Jones was represented by counsel, and had directed Transworld to cease directly communicating with Mr. Jones (Exhibits D and E). By directly calling Mr. Jones, despite being advised that he was represented by counsel, Defendant Transworld violated § 1692c(a)(2) of the FDCPA.

21. Defendant Transworld's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, James Jones, prays that this Court:

1. Find that Defendant Transworld's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Jones, and against Defendant Transworld, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, James Jones, demands trial by jury.

James Jones,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: March 31, 2014

5

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com